UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO GARCIA REYES,<br>Petitioner,<br>v.<br>MESA VERDE DIRECTOR, *et al.*,<br>Respondents. | No. 1:26-cv-05354-JLT-CDB (HC)<br>A-Number: A-201-243-757<br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br>(Docs. 1, 11)<br>**14-DAY OBJECTION PERIOD** |

Petitioner Diego Garcia Reyes ("Petitioner"), a federal immigration detainee proceeding by counsel, initiated this action on July 13, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 while in the custody of Immigration and Customs Enforcement ("ICE") at the Mesa Verde ICE Processing Center. (Doc. 1). For the reasons set forth below, the undersigned recommends that the Court dismiss Petitioner's petition for writ of habeas corpus as moot.

## I. Relevant Background

Petitioner is a native and citizen of Mexico who unlawfully reentered the United States on an unknown date following his initial removal from the United States on February 15, 2012. (Doc. 9 at 10) (June 27, 2026, Form I-213 Record of Deportable/Inadmissible Alien). Petitioner was arrested and detained by immigration authorities (ICE) pursuant to a Field Operations Worksheet (FOW) on June 27, 2026, and placed in immigration detention. *Id.* DHS issued Petitioner a Notice

of Intent/Decision to Reinstate Prior Order of Removal that same day in which Petitioner marked he did not wish to make a statement contesting the determination of his previous removal and illegal reentry into the United States. *Id.* at 25.

On October 25, 2026, Respondents filed a motion to dismiss asserting that Petitioner was removed on August 22, 2026, by ICE Air Operations Flight from El Paso, Texas, with a final destination of Chiapas, Mexico. (Doc. 11 at 1). Respondents represent that the "A-File containing the departure verification record is at the National Records Center." *Id.* at n.1.

Petitioner did not file any response to Respondents' motion to dismiss and the time to do so has expired. *See* Local Rule 230(c).

The undersigned takes judicial notice from the EOIR case database reflects that an immigration judge issued a decision regarding Petitioner's removability on August 4, 2026, with no future hearings scheduled and that no appeal to the Board of Immigration Appeals ("BIA") was received.[1] The undersigned also takes judicial notice that ICE's online detainee locator tool returned no results for Petitioner using his identifying information, corroborating Respondents' representation that Petitioner no longer is in immigration detention.[2]

## II. Governing Authority

"To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'" *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (9th Cir. 2007) (quoting *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001)). "At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S.

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 30, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co*., 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

[2] *See* https://locator.ice.gov/odls/#/results (last visited Oct. 30, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall*, 629 F.3d at 998-99; *Argueta*, 760 F. Supp. 3d at 1034.

1, 7 (1998)).

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation … there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* at 1064 (citation omitted); *see Spencer*, 523 U.S. at 7 ("Once the [petitioner's] sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."). "Where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Id.*

## III. <u>Discussion</u>

Here, Petitioner seeks by his petition immediate release from custody or, in the alternative, a bond hearing. (Doc. 1 at 5). Given Respondents' proffer regarding Petitioner's warrant for removal and the record evidence demonstrates that Petitioner has been removed and is no longer in immigration custody, Petitioner is unable to present a collateral consequence that can be remedied by a successful ruling on the petition. Thus, Petitioner's removal moots the relief he seeks in his petition. *See, e.g.*, *Abdala*, 488 F.3d at 1065; *Ortega v. Andrews*, No. 1:25-cv-00730-HBK-JLT (HC), 2025 WL 3110992, at *2 (E.D. Cal. Nov. 6, 2025) ("Petitioner's removal cures his complaints about the length of his detainment without a bond hearing. … Because Petitioner is no longer in ICE detention, the Court lacks jurisdiction to consider the claim raised in the Petition."), *recommendation adopted*, 2025 WL 3281832 (E.D. Cal. Nov. 25, 2025) (adopting findings and recommendations, dismissing petition as moot, and directing Clerk of Court to close case).

Because Petitioner is no longer in ICE custody, the undersigned finds that no case or controversy exists and recommends that the petition be dismissed as moot, as other judges of this Court have found and dismissed for mootness under similar circumstances. *See, e.g.*, *Harutyunyan v. Warden*, No. 1:25-cv-00859-HBK (HC), 2025 WL 3467495, at *2 (E.D. Cal. Dec. 2, 2025); *Colin v. Warden*, No. 1:23-cv-00127-CDB-JLT (HC), 2025 WL 2260049, at *2 (E.D. Cal. July 25, 2025) (recommending dismissal with prejudice as moot), *recommendation adopted*, 2025 WL 2373532 (E.D. Cal. Aug. 14, 2025) (adopting in full findings and recommendations and dismissing

petition without prejudice as moot); *Nadyrov v. Warden*, No. 1:25-cv-00754-JLT-EPG-HC, 2025 WL 3555166, at *1 (E.D. Cal. Dec. 11, 2025), *recommendation adopted*, 2026 WL 147983 (E.D. Cal. Jan. 20, 2026); *Nguyen v. Field Office Director*, No. 1:24-cv-01579-KES-EPG-HC, 2025 WL 1864885, at *1 (E.D. Cal. June 4, 2025), *recommendation adopted,* 2025 WL 2106696 (E.D. Cal. July 28, 2025).

## IV. Conclusion, Order, and Recommendations

For the reasons stated above, IT IS RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) be DISMISSED as MOOT; and
2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 9, 2026**

UNITED STATES MAGISTRATE JUDGE